JUDGE FORREST





James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AGRICULTURE & ENERGY
CARRIERS, LTD

                    Petitioner,

   - against -

UNITED COALS, INC
                  Respondent.

14 Civ____ (____)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO COMPEL ARBITRATION

### PRELIMINARY STATEMENT

    This memorandum of law is respectfully submitted in support of the Petition by
Agriculture & Energy Carriers, Ltd (hereinafter "AEC" or "Petitioner") for an order pursuant to
the Federal Arbitration Act directing that United Coals, Inc (hereinafter "Respondent" or "United
Coals") proceed forthwith to arbitration at New York.

### SUMMARY OF ARGUMENT

    The Federal Arbitration Act, 9 U.S.C. §4, *et seq.* ("FAA"), permits a party aggrieved by
the failure, neglect or refusal of another to arbitrate under a written agreement for arbitration to

petition any U.S. District Court for an order directing that such arbitration proceed *in the manner in which the parties agreed.*

Here, AEC and Respondent entered into a Charter Party contract which bound the parties to arbitrate "any dispute or difference [arising] under this Charter" in New York.  A dispute between the parties has arisen in that Respondent has incurred (and continues to incur) demurrage as a result of the breach of the Respondent in failing to delivery cargo to load on the vessel.  Under the controlling law, Respondent is therefore bound to arbitrate this claim with AEC.

Respondent, following due demand for arbitration, has unjustly refused to arbitrate or appoint an arbitrator in violation of its contractual obligations under the parties' contract. AEC therefore respectfully requests that this Court direct Respondent to forthwith proceed to arbitration in New York.

## FACTS RELEVANT TO THE INSTANT PETITION

The relevant facts for the disposition of the instant Petition are relatively straightforward. On January 24, 2014, AEC and United Coals executed a charter party on the Americanized Welsh Coal Charter form for the vessel M/V MARDINK (the "Vessel") for the shipment of 31,500 metric tons of coal from the Morgan Terminal, Louisiana to Casablanca, Morocco. Petition ¶4.  The charter provides that the Charterer shall pay $22,000.00 per running day (or pro rata part thereof) demurrage.  Petition ¶9, Exhibit 1.

The Charter Party clause 5, along with clause 55, requires that all disputes arising under the Charter Party be submitted to arbitration in New York.  The arbitration agreement provides

2

that each party shall appoint one arbitrator and the third being appointed by the two arbitrators already appointed.  Petition ¶5; Exhibit 1.[1]

On February 14, 2014 at 11:10am the Vessel tendered a Notice of Readiness for the loading of cargo.  Based on an agreed total load capacity of 31,500-31,900mts of coal to be loaded at a rate of 24,000mts/day, the Vessel went on demurrage on February 16, 2014 at 6:40am.  Charterer failed to load cargo due to its inability to obtain a letter of credit acceptable to the Shipper.  Demurrage has run at a rate of $22,000/day for more than 88 days, totaling at least $1,875,310.87.

As a result, AEC, on May 6, 2014, pursuant to the terms and conditions of the Charter Party, demanded that Respondent arbitrate the claim in New York. Petition ¶13; Exhibit 3. The Respondent ignored the demand. On May 9, 2014, AEC notified Respondent in writing of its appointment of a second arbitrator. Petition ¶14; Exhibit 4. Respondent equally ignored this demand.  Finally, the Panel notified Respondent in writing of the appointment of the Panel Chairman.  Petition ¶15; Exhibit 5.

---

[1] Clause 5 and 55 stipulate as follows:

> 5. If any dispute or difference should arise under this Charter, same to be referred to three parties in the City of New York, one to be appointed by each of the parties hereto, the third by the two so chosen, and their decision, or that of any two of them, shall be final and binding, and this agreement may, for enforcing the same, be made a rule of Court, Said three parties to be commercial shipping men.

> 55. …U.S. Maritime law will govern any dispute under this Charter Party, and to the extent that such body of law needs to be supplemented, by the laws of the state of New York.

## ARGUMENT

### THE FAA REQUIRES ENFORCEMENT OF ARBITRATION AGREEMENTS IN ACCORDANCE WITH THEIR TERMS

The FAA provides that a contract containing a written provision to settle controversies arising out of such contract by arbitration "shall be valid, irrevocable, and enforceable." 9 U.S.C. §2. It has been held that by enacting this provision, Congress declared a national policy favoring arbitration. *Southland Corp.* v. *Keating,* 465 U.S. 1 (1984). The Supreme Court has specifically found that there is a strong federal policy favoring arbitration and that arbitration agreements must be enforced in accordance with their terms. *See Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.,* 460 U.S. 1, 19-20 (1983); *Scherk* v. *Alberto-Culver Co.,* 417 U.S. 506, 520 (1974); *Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc., 473* U.S. 614 (1985); *Ibeto Petrochemicals Indus. Ltd.* v. *MIT BEFFEN,* 475 F.3d 56, 63 (2d Cir. 2007).

The FAA provides guidance to the Courts that in enforcing arbitration agreements, the Court must enforce all terms of such agreements. 9 U.S.C. §4 provides as follows:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed *in the manner provided for in such agreement* . ... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement.*

Emphasis supplied.

Because Respondent has failed to arbitrate pursuant to Clauses 5 and 55 of the Charter Party, AEC is an aggrieved party under Section 4. It is well established that "arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *AT&T Tech. Inc. v. Communications Workers of America,* 475 U.S. 643, 648 (1986).

4

It is clear that pursuant to Clause 5 of the Charter Party, AEC and the Respondent agreed to arbitrate their disputes.  Respondent is therefore bound to arbitrate AEC's claim for breach of contract in New York.  Accordingly, AEC respectfully requests that this Court grant the within Petition and direct Respondent to forthwith proceed to arbitration in accordance with the terms of Clauses 5 and 55 of the parties' agreement to arbitrate.

## CONCLUSION

In light of the foregoing considerations and authorities, Agriculture & Energy Carriers, Ltd respectfully request that this Court grant the instant motion in all respects and enter an Order:

(1)    directing that Respondent proceed with arbitration in accordance with the Charter Party dated January 24, 2014;

(2)    directing that arbitration proceed in the manner provided in the Charter Party before the Panel of arbitrators as it is currently comprised; and

(3)    awarding Petitioner AEC the costs and attorneys' fees for this Petition and such other and further or different relief as the court may deem just and proper in the circumstances.

Dated: New York, New York
      May 22, 2014

Respectfully submitted,

By:  _____
      James H. Power
      Marie E. Larsen
      HOLLAND & KNIGHT LLP
      31 West 52nd Street
      New York, NY 10019
      Telephone:  (212) 513-3200
      Facsimile:  (212) 385-9010
      Email:  james.power@hklaw.com
               marie.larsen@hklaw.com

*Counsel for Agriculture & Energy Carriers, Ltd*

5