USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 8 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AGRICULTURE & ENERGY CARRIERS, LTD.,

                    Petitioner,

                   -v-

UNITED COALS, INC.,

                    Respondent.

------------------------------------------------------------X

14-cv-3687 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

Before the Court is petitioner Agriculture & Energy Carriers, Ltd.'s petition to compel arbitration in connection with its breach-of-contract claim alleging at least $1,875,310.87 in unpaid demurrage. (ECF No. 2.)

The Court has reviewed the materials that the parties submitted on June 12, 2014 supporting their views—first raised at the June 10, 2014 show cause hearing—regarding (1) the existence of an enforceable contract and agreement to arbitrate and (2) Ricardo Leon's authority on behalf of respondent United Coals, Inc. (See ECF No. 13.) As further set forth below, the Court, having reviewed these materials and heard the parties' arguments, concludes that "the making of the agreement for arbitration or the failure to comply therewith is not in issue" and orders the parties to proceed to arbitration. 9 U.S.C. § 4.

I. DISCUSSION

A. <u>Existence of an Agreement for Arbitration</u>

The Court first finds that "the making of the agreement for arbitration" is not in issue. 9 U.S.C. § 4.

On January 24, 2014, petitioner and respondent executed a charter on the Americanized Welsh Coal Charter form for a vessel to transport coal from Morgan Terminal, Louisiana to Casablanca, Morocco. (Pet. to Compel Arbitration ("Pet.") Ex. 1, at ¶ 1, ECF No. 2.) The charter provides that the Charterer shall pay $22,000 per running day (or <u>pro rata</u> part thereof) in demurrage. (<u>Id.</u> ¶ 4.) Furthermore, the charter requires that all disputes arising thereunder be submitted to arbitration in New York; the charter provides that each party shall appoint one arbitrator and that those two arbitrators shall appoint the third. (<u>Id.</u> ¶¶ 5, 55.)

The materials that the parties submitted on June 12, 2014 provide "objective evidence establishing that the parties intended to be bound" by the agreement to arbitrate, notwithstanding the lack of signature on the charter. <u>Flores v. Lower E. Side Serv. Ctr.</u>, 4 N.Y.3d 363, 368 (2005). For example, Jeffrey Goldizen, the president of respondent United Coals, Inc., confirmed in a signed letter on January 23, 2014, that "UNITED COALS, INC. hereby accept[s] all terms and conditions of the FIXTURE . . . thereby finalizing the <u>contract</u>." (Decl. of Claas Grafe ("Grafe Decl.") Ex. B (emphasis added); Goldizen Ltr. Ex. 1 (emphasis added).) Also on January 23, a representative of Affremarine—the agent through which United Coals and AEC negotiated the charter—wrote to Jeff Goldizen, "Here below is the . .

. <u>final contract</u> reconfirmed as per your authority . . . ." (Grafe Decl. Ex. C (emphasis added).)

Respondent argues that Ricardo Leon, the broker who negotiated with petitioner on respondent's behalf, lacked authority to negotiate for respondent; rather, his "representation was limited to helping obtain a coal sales contract with ONEE in Morocco, finding debt or equity capital in Morocco, and arranging banking arrangements in Morocco." (Goldizen Ltr. 2, June 12, 2014.) However, on October 10, 2013, in a letter to Affremarine on United Coals, Inc. letterhead, Goldizen wrote that "Leon . . . has been appointed by United Coals, Inc. . . . to be the sole representative" for "procuring debt or equity capital," "procuring coal purchase contracts," and "pursuing such other business activities and ventures as may benefit" respondent. (Grafe Decl. Ex. D.) Leon was then the sole representative in contact with Affremarine after the execution of the charter. (Grafe Decl. ¶ 8, Ex. F.)

The language that Goldizen used, combined with the parties' course of conduct, reflects that Leon had authority to act on respondent's behalf sufficient to bind it. See <u>Herbert Constr. Co. v. Cont'l Ins. Co.</u>, 931 F.2d 989, 993 (2d Cir. 1991) (explaining that "words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" confer authority on an agent to bind a principal).

B. <u>Failure to Comply with the Agreement</u>

The Court also finds that respondent's "failure to comply" with the agreement for arbitration is not in issue. 9 U.S.C. § 4.

On May 6, 2014, pursuant to the terms and conditions of the charter, petitioner demanded that respondent arbitrate its claim for unpaid demurrage in New York, and appointed Manfred W. Arnold as an arbitrator. (Pet. Ex. 3.) Respondent ignored this demand. On May 9, 2014, petitioner notified respondent in an email of its appointment of a second arbitrator, Austin Dooley. (Pet. Ex. 4.) Respondent also ignored this demand. Finally, in a May 11, 2014 email, Arnold and Dooley notified petitioner and respondent of their selection of a panel chairman, Robert Shaw. (Pet. Ex. 5.) Respondent did not respond to this email. Thus, respondent has failed to comply with the agreement to arbitrate.

II.   CONCLUSION

Having heard the parties, and "being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the Court hereby "direct[s] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; see also 9 U.S.C. § 2 ("A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable . . . .").

Petitioner's petition to compel arbitration is GRANTED. Arbitration of petitioner's claim for breach of contract shall proceed in accordance with the charter

between the parties dated January 24, 2014 and before the panel of arbitrators currently appointed.

SO ORDERED.

Dated:   New York, New York
         June 18, 2014

_____
KATHERINE B. FORREST
United States District Judge